Filed 11/9/15  In re Moses G. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re MOSES G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. MOSES G., Defendant and Appellant. | G051911 (Super. Ct. No. DL049869-001) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Fred W. Slaughter, Judge.  Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

We appointed counsel to represent appellant Moses G. on appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against the client, but advised the court no issues were found to argue on appellant's behalf. Appellant was given 30 days to file written argument in his own behalf. That period has passed, and we have received no communication from appellant.

Moses was charged with four misdemeanors, two counts of commercial burglary and two counts of petty theft. Thereafter, the victim, the manager and owner of the business, declared the business received complete satisfaction and that: "Pursuant to Penal Code sections 1377 and 1378, I request that the prosecution of this action be stayed and the minor be discharged therefrom." The juvenile court's minutes state: "Civil compromise findings made without objections."

After the matter was resolved by civil compromise, Moses requested the court seal the juvenile records relating to a petition filed August 11, 2014. His request was denied.

Welfare and Institutions Code section 786[1] provides: "If the minor satisfactorily completes (a) an informal program of supervision pursuant to Section 654.2, (b) probation under Section 725, or (c) a term of probation for any offense not listed in subdivision (b) of Section 707, the court shall order the petition dismissed, and the arrest upon which the judgment was deferred shall be deemed not to have occurred. The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court, except that the prosecuting attorney and the probation department of any county shall have access to these records after they are sealed for the limited purpose of determining whether the minor is eligible for deferred entry of judgment pursuant to Section 790. The court may access a file that has been sealed pursuant to this section for

_____

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

2

the limited purpose of verifying the prior jurisdictional status of a ward who is petitioning the court to resume its jurisdiction pursuant to subdivision (e) of Section 388. This access shall not be deemed an unsealing of the record and shall not require notice to any other entity."

But Moses' case was resolved pursuant to Penal Code section 1377. Penal Code section 1377 states: "When the person injured by an act constituting a misdemeanor has a remedy by a civil action, the offense may be compromised, as provided in [Penal Code s]ection 1378 . . . ." Penal Code section 1378 states: "If the person injured appears before the court in which the action is pending at any time before trial, and acknowledges that he has received satisfaction for the injury, the court may, in its discretion, on payment of the costs incurred, order all proceedings to be stayed upon the prosecution, and the defendant to be discharged therefrom; but in such case the reasons for the order must be set forth therein, and entered on the minutes. The order is a bar to another prosecution for the same offense."

It is clear from the record, the victim was reimbursed and satisfied with the cessation of prosecution, one of the policies behind Penal Code sections 1377 and 1378. (See *People v. Moulton* (1982) 131 Cal.App.3d Supp. 10.) However, this resolution, making victim whole, is quite different from successful completion of probation as stated in section 786. "In most instances, the civil and criminal law operate independently of one another so that resolution of a victim's civil rights and remedies has no effect upon criminal prosecution." (*Id.* at p. Supp. 19.) We find no authority that states Moses is entitled to relief under section 786 as a result of entering into a civil compromise.

We have examined the record and found no other arguable issue. (*People v. Wende* (1979) 25 Cal.3d 436.)

3

The judgment is affirmed.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.